## 52899. JOHNSON v. THE STATE.

WEBB, Judge.

On a previous appearance of this case the state conceded "that error was committed in the sentencing phase of the trial when prior convictions which did not show that Johnson had assistance of counsel, or a waiver thereof, were introduced in aggravation of punishment," and we reversed on that issue only. *Johnson v. State,* 138 Ga. App. 431 (2) (226 SE2d 291) (1976). The facts will not be repeated here.

At the new trial on the issue of sentence, appellant moved that the trial judge recuse himself to permit appellant to be sentenced by another judge who had not heard any evidence of appellant's prior arrests and convictions. The trial judge declined to recuse himself, and sentenced appellant to the same term previously set, twelve months. Appellant assigns error on the trial judge's failure to recuse himself.

Before sentencing the appellant anew, the trial judge made the following statement: "Will the defendant come forward, please. Let me state for the record at this time that I did try the case and based on what has been said by counsel representing not only the defendant but counsel representing the State, I assume that there was evidence brought out by the Court in the questioning concerning possibly some back record. I have not reviewed that since that date. I have tried numerous cases, and I don't even remember what it was, if it was anything, at this point, I don't remember it, and I did not review it intentionally, so I would not know about it, and I certainly do not intend to

let whatever it was, if anything, prejudice me in the punishment that I shall fix at this time. . ."

"[T]here is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision." *Ingram v. State,* 134 Ga. App. 935, 940 (8) (216 SE2d 608) (1975), cert. den. 47 LE2d 318, reh. den. 47 LE2d 758 (1976).

We recognize that "[a] fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases . . . [O]ur system of law has always endeavored to prevent even the probability of unfairness . . . '[J]ustice must satisfy the appearance of justice,' " and due process requires no less. In re Murchison, 349 U. S. 133, 136 (75 SC 623, 99 LE 942) (1955). Here there was no running controversy between either the appellant or his counsel and the trial judge, as there was in Taylor v. Hayes, 418 U. S. 488, 501 (94 SC 2697, 41 LE2d 897) (1974), a contempt proceeding cited by appellant.

We are impressed with the wisdom of the statement on circumstances requiring recusation, as set forth in the standards relating to *The Function of the Trial Judge,* found in ABA's Standards for Criminal Justice (1972), § 1.7. That standard reads: "The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned." One of the commentaries published with this standard is, however, that "[U]nless otherwise required by statute, a judge should avoid withdrawing from a case merely because a charge of bias has been made . . . Demands for recusation can be used as an indirect means of attempting to choose the judge who will sit in the case . . . Delays in trial and inefficient use of judicial manpower are other possible consequences of such abuse."

In this case appellant, according to his counsel's brief and oral argument, does not contend that the trial judge had an actual bias against him. He contends that because in the first sentencing, evidence improperly introduced nine months before the second sentence regarding his prior arrest and convictions could not have been removed

from the judge's mind. While we may think it the better practice for a trial judge, in such an instance, to recuse himself whenever "he believes his impartiality can reasonably be questioned," we cannot say that the trial judge here, in view of his statement made before sentencing and hereinabove quoted, did not sufficiently disabuse his mind of any prior improperly admitted evidence as to other arrests or convictions. This is especially true since appellant's counsel disavowed any charge of bias on the part of the trial judge. *Knight v. State,* 133 Ga. App. 808, 809 (2) (212 SE2d 464) (1975); *Workman v. State,* 137 Ga. App. 746, 749 (7) (224 SE2d 757) (1976) cert. den.

The sentence of 12 months is within the terms provided by statute for a misdemeanor, is less than the maximum punishment, and we cannot say it was unfairly or improperly imposed.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Argued October 5, 1976 — Decided October 19, 1976 — Rehearing denied November 1, 1976 —

*Silver, Zevin, Sewell & Turner, Daniel S. Zevin, Paul J. Sewell,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.