## 55164. BUSSEY v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of burglary and rape. On appeal he raises two issues, one the admissibility of his confession which was admitted over objection and two, the sufficiency of the evidence to authorize the conviction. *Held:*

1. As the case must be remanded for further consideration, we address only the confession issue. The defendant was a 16-year-old juvenile who was arrested by the police shortly after these alleged crimes occurred and was taken to the Augusta police station where he orally confessed. A confession from a juvenile is scanned with more care and is received with greater caution than an adult. *Crawford v. State,* 240 Ga. 321. In *Williams v. State,* 238 Ga. 298 (232 SE2d 535), it was held that the statutory safeguards contained in Code § 24A-1402 are applicable to juvenile cases and a criminal case where a juvenile is tried as an adult. This Code section provides in part: ". . .(a) A person taking a child into custody, with all reasonable speed and without first taking the child elsewhere, shall: (1) forthwith release without bond the child to his parents . . . ; or (2) bring the child before the juvenile court or deliver him to a detention or shelter care facility designated by the court... He shall promptly give written notice thereof, together with a statement of the reason for taking the child into custody, to a parent. . . and to the court. Any temporary detention or questioning of the child necessary to comply with this subsection shall conform to the procedures and conditions prescribed by this Code [Title 24A] and rules of the court; or (3) bring the child who committed a delinquent act before the superior court of the county where the delinquent act occurred if the act is an act over which the superior court has concurrent

jurisdiction. . ." In *M. K. H. v. State of Ga.,* 135 Ga. App. 565(2) (218 SE2d 284) it was held that failure to comply with the above safeguards renders a confession of a juvenile inadmissible in evidence. In *Williams v. State,* 238 Ga., supra, it was held that a phone call by police to a judge of the Superior Court of Baldwin County advising of the detention of a juvenile was sufficient compliance with Code § 24A-1402 (a). Here there is a complete absence of any evidence of showing compliance or noncompliance with this statute. The Supreme Court in *Crawford v. State,* supra, was faced with the same deficiency in the evidence. It stated that a post-trial hearing may be utilized to resolve this evidentiary deficiency. Accordingly, we follow this course and reverse the judgment and remand with direction to the trial court to vacate the sentence, hold a post-trial hearing limited to the issue of compliance or noncompliance with Code § 24A-1402 (a). The trial judge is authorized after this hearing to order a new trial if he finds no compliance or to resentence defendant if he finds compliance. In the latter event defendant is granted leave to file a new appeal within 30 days of the entry of a new sentence.

2. In the light of the foregoing, we intentionally do not pass on the issue of the sufficiency of the evidence.

*Judgment reversed with direction. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 18, 1978 — DECIDED FEBRUARY 20, 1978.

*Pierce & House, Stanley C. House,* for appellant.
*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.