## 55632. JACKSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for armed robbery. *Held:*

1. It is contended that a confession by the defendant introduced into evidence was inadmissible since the defendant was under 17 years of age and the provisions of Code Ann. § 24A-1402 (Ga. L. 1971, pp. 709, 723; 1973, pp. 882, 885) were not followed.

In *J. J. v. State of Ga.,* 135 Ga. App. 660, 664 (218 SE2d 668) this court held that the statements of a juvenile, made in nonjuvenile detention before the requirements of Georgia juvenile law concerning

detention have been complied with, and in the absence of the juvenile's parents, and prior to contact with such parents by the juvenile authorities, and in absence of knowledge on the juvenile's part that his parents can be present if he so desires, is not admissible against him in a juvenile court proceeding. Under the Juvenile Court Code of Georgia the juvenile court does not have exclusive jurisdiction over delinquent acts for which a child (under 17 years old) may be punished by loss of life or confinement for life in the penitentiary. Nevertheless, the Supreme Court has approved the principles enunciated in *J. J. v. State of Ga.,* 135 Ga. App. 660, 664, supra, regarding a "life imprisonment" felony situation. In *Crawford v. State,* 240 Ga. 321, 325 (240 SE2d 824), the court cited *J. J. v. State of Ga.,* and pointed out: "Although those were juvenile court proceedings as opposed to criminal cases, the rule as to confessions of juveniles should be the same because law enforcement officers cannot be certain when they question a juvenile what kind of case may develop, and the statutory safeguards (Code Ann. § 24A-1402) are applicable to both criminal and juvenile cases." See *Bussey v. State,* 144 Ga. App. 875 (243 SE2d 99); *Williams v. State,* 238 Ga. 298 (232 SE2d 535).

Here the defendant was under 17 years of age. The evidence shows and the state virtually concedes that no effort was made to comply with the provisions of Code Ann. § 24A-1402, supra; the defendant's parents were not notified and were not present. The crime and the events relative thereto including the trial occurred in 1975 prior to the *Crawford* decision. Thus, the officials involved had no reason to consider that compliance with the provisions of the Juvenile Court Code was a necessity. Still, we must reverse because the confession obtained was not admissible in evidence since the requirements outlined in the statute were not met.

*Judgment reversed. Webb and McMurray, JJ., concur.*

Submitted April 5, 1978 — Decided June 22, 1978.

*Pierce & House, Stanley C. House,* for appellant.

*Richard E. Allen, District Attorney,* for appellee.