## 56213. CAMP v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for the offense of armed robbery, kidnapping, burglary and motor vehicle theft. On January 3, 1978, defendant elected to plead guilty to the charges of burglary and kidnapping. The state presented a recommendation to the trial court for a sentence on each count of 12 years with service of six years in the penitentiary and the service of the remainder on probation. The court elected not to accept the recommendation and verbally sentenced him to a term of 15 years, to serve seven, both as to burglary and kidnapping, to run concurrently. At that time the court had expressed dissatisfaction with the defendant, the reason therefor not being completely apparent from the colloquy. The court did tell him: "You even have your own ideas as to how you're going to govern this court. And this court is not going to be governed by your actions, sir. It's going to be governed by its own actions. And it's going to have court when it gets ready, and not when you get ready." The court then stated: "I'm adding a year to your sentence for your advising the Court on how it is going to run its business." Whereupon, counsel for defendant withdrew the plea.

Thereafter, on January 6, 1978, defendant withdrew his previous withdrawal of his plea and was sentenced as to the offenses of kidnapping and burglary to a term of 15 years, seven years of said sentence to be served "in the penitentiary or such place as the Commissioner of Offender Rehabilitation may direct, and upon his release

earlier than seven (7) years he shall serve the entire remainder of this sentence on probation. . ."

Defendant appeals the conviction and sentence contending there was no affirmative showing that his plea was intelligently and voluntarily made; the trial court failed to personally advise him that the recommendations of the prosecuting attorney were not binding upon the court; and the court failed to recuse himself from consideration of his tender of a guilty plea.
*Held:*

1. Examination of the record and transcript of the proceeding at which the defendant tendered his plea of guilty both when he withdrew the plea and again a number of days later withdrawing the earlier withdrawal discloses that the plea was freely, voluntarily and intelligently made. In fact, at the first hearing, when the court refused to accept the recommendations by the state, the defendant himself requested that the plea be withdrawn. A review of the transcript of the plea and sentencing at both hearings (January 3 and January 6) affirmatively discloses that it was intelligently and voluntarily made.

2. While the court as trial judge did not personally advise the defendant that the recommendations of the prosecuting attorney were not binding upon the court, the examination of the defendant by the assistant district attorney discloses he was advised: "Do you understand that the Court is under no obligation to accept any recommendation and may do as the Court sees fit?" Whereupon the defendant responded, "Yes, sir." This was at the second hearing on January 6, 1978, after he had withdrawn his plea on January 3, 1978. We know of no requirement that the trial judge must personally instruct the defendant offering a plea that the court does not have to follow the recommendations as made.

3. While there seems to have been some reason for the court to have refused the recommendation of the state at which time the defendant withdrew his plea, we find insufficient evidence requiring the court to recuse himself because his impartiality could reasonably be questioned. No actual bias against the defendant has been shown. Further, the statements by the court, which to some

degree appears to reflect a dissatisfaction with some activity of the defendant occurring on the January 3, 1978, sentencing hearing (whereupon the plea was withdrawn) do not appear in the subsequent hearing on January 6, 1978. See *Johnson v. State,* 140 Ga. App. 284, 286 (231 SE2d 87). We find no grounds requiring the trial judge (sentencing judge) to recuse himself here.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JULY 11, 1978 — DECIDED SEPTEMBER 6, 1978.

*Walter P. Rowe,* for appellant.
*John T. Perren, District Attorney,* for appellee.