34738. NESMITH et al. v. J&G SHOES, INC. et al.

HILL, Justice.

The Nesmith family, plaintiffs-appellants, owned 50 percent of the stock in J&G Shoes, Inc. The Elwell family, defendants-appellees, owned the remaining 50 percent. On April 13, 1978, the appellants filed their complaint seeking the appointment of a liquidating receiver. As grounds for liquidation, they alleged that the four directors were deadlocked in the operation of corporate affairs, that the shareholders were unable to break the deadlock, that appointment of a provisional director was impracticable (Code Ann. § 22-1317 (a) (1) (A)), that the president of the corporation, James Elwell, had illegally increased his compensation and had been illegally converting corporate assets to his own use, and that the corporate assests were being misapplied and wasted (Code Ann. § 22-1317 (a) (1) (D)). The court appointed a temporary receiver and, after hearing, he was named liquidating receiver.

The assets of the corporation were subsequently sold at public sale and the receiver filed his report. He found that defendant James Elwell, president of the corporation, had received a salary overpayment in the amount of $27,631.45 between April 1, 1974, and June 30,

1978, and that defendant Dorothy Elwell, corporate treasurer, was overpaid $15,792.97 during that same period. He concluded that "Unless good cause is shown to the contrary, the said overpayments should be deducted from [their] pro rata distributive share . . .."

The defendants filed objection to the receiver's proposed setoffs against their pro rata shares. They also objected to the plaintiffs' application for payment of $7,500 attorney fees out of the receivership fund. After a hearing, the trial judge sustained the defendant's objections, but affirmed the balance of the receiver's report without other modification. In this appeal, the plaintiffs seek review of the trial judge's denial of their application for attorney fees and his denial of the proposed setoffs.

1. The defendants objected to the setoffs proposed by the receiver on the following grounds: (a) there is no provision in law for a setoff by a liquidating receiver, (b) the receiver should have brought suit to recover the overpayments, (c) the overpayments occurred prior to the appointment of the receiver and were not within his knowledge, (d) the plaintiffs could have brought a stockholders' derivative action. The defendants did not seek an evidentiary redetermination by the court as to whether they had been overpaid.

Code Ann. § 22-1318 tracks the Model Act, § 98 (2d Ed.). Subparagraph (b) of Code Ann. § 22-1318 provides in pertinent part, as follows: "After a hearing . . . the court may appoint a liquidating receiver or receivers with authority to collect the assets of the corporation, including all amounts owing to the corporation by shareholders on account of any unpaid portion of the consideration for the issuance of shares. Such liquidating receiver or receivers shall have authority, subject to the order of the court, to sell, convey and dispose of all or any part of the assets of the corporation wherever situated, either at public or private sale. The assets of the corporation or the proceeds resulting from a sale, conveyance or other disposition thereof shall be applied to the expenses of such liquidation and to the payment of the liabilities and obligations of the corporation, and any remaining assets or proceeds shall be distributed among its shareholders according to their

respective rights and interests. The order appointing such liquidating receiver or receivers shall state their powers and duties."

In the case before us the order appointing the liquidating receiver directed him to "marshall all of the assets of the corporation" and offer the same for sale at public outcry as a going business, including its real estate, accounts receivable, furniture, fixtures, etc. We find that a liquidating receiver directed to marshall and sell the assets of a corporation has the power to investigate and record the debts owed to the corporation. He has this power notwithstanding the fact that those debts were incurred prior to his appointment. The more serious question is whether the receiver can order setoff under the circumstances of this case.

Normally a debtor cannot insist that his creditor use a particular method of collecting a debt where several methods of collection are available to the creditor. Hence, the fact that the receiver, or the plaintiffs, could have sued the defendants does not-foreclose other means of collection. Setoff is a traditional means of satisfying mutual debts and we find it appropriate here.

No question is presented in this case as to how a stockholder can contest the accuracy of the amount set off by the receiver and we do not undertake to resolve that issue here.

2. Code Ann. § 22-1318(c) provides that "The court shall have power to allow from time to time as expenses of the liquidation compensation to the receiver or receivers and to attorneys in the proceeding, and to direct the payment thereof out of the assets of the corporation or the proceeds of any sale or disposition of such assets." See also Code Ann. §§ 55-314, 55-315. This provision authorizes the trial judge to award such fees to the attorneys "in the proceeding" as the judge, in the exercise of his controlled discretion, finds appropriate.

In view of the fact that it has been through the efforts of plaintiffs' counsel, at least in part, that overpayments to the corporate officers were disclosed and may now be collected by setoff, upon remand the trial judge will be authorized to reconsider the matter of attorney fees in this case.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 9, 1979 — DECIDED SEPTEMBER 5, 1979 —
REHEARING DENIED SEPTEMBER 25, 1979.

*George C. Kennedy,* for appellants.
*Tyrone Elliott,* for appellees.