Judgment affirmed without opinion pursuant to Rule 59.
*All the Justices concur.*

SUBMITTED AUGUST 22, 1980 — DECIDED
SEPTEMBER 24, 1980.

Pressie Hughes, Jr., *pro se.*
*Lewis R. Slaton, District Attorney,* for appellee.

## 36618. HUFFMAN et al. v. SULLIVAN et al.

Judgment affirmed without opinion pursuant to Rule 59.
*All the Justices concur.*

SUBMITTED AUGUST 29, 1980 — DECIDED
SEPTEMBER 24, 1980.

*Maguire & Shepard, Stephen E. Shepard, Samuel F. Maguire,*
for appellants.
*Andrew J. Kilpatrick, II,* for appellees.

## 36657, 36658. ELWELL et al. v. NESMITH et al. (two cases).

UNDERCOFLER, Chief Justice.

In a previous appearance of this case for receivership and disbursement of corporate assets, we held that setoff was an appropriate means of satisfying the salary overpayments to James and Dorothy Elwell, and that "[i]n view of the fact that it has been through the efforts of plaintiffs' counsel, at least in part, that overpayments to the corporate officers were disclosed and may now be collected by setoff, upon remand the trial judge will be authorized to reconsider the matter of attorney fees in this case." *Nesmith v. J & G Shoes, Inc.,* 244 Ga. 244, 246 (260 SE2d 3) (1979).

After remand, and on motion of the Elwells, the trial court conducted an evidentiary hearing on the issues of whether setoff would be allowed and, if so, in what amounts. The trial court also heard the issue of attorney fees. Judgment was entered allowing setoffs in the amounts of the salary overpayments to the Elwells, and

attorney fees in the amount of $7500 were approved. The Elwells appeal.

1. The judgment appealed in Case No. 36657 was entered on March 27, 1980. The notice of appeal already had been filed on February 11, 1980. Counsel for appellant filed on April 11, 1980, a second notice of appeal from the same judgment entered on March 27, 1980, as he was of the opinion that Case No. 36657 was subject to dismissal because the notice of appeal was premature. Code Ann. § 6-803. Premature filing of a notice of appeal formerly would lead to dismissal of the appeal. *Benton v. Smith,* 226 Ga. 722 (177 SE2d 230) (1970). The law in this regard has been changed. *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975). Case No. 36657 is pending before this court. Case No. 36658 is dismissed as redundant.

2. The amounts of the setoffs were not, and are not, in issue. The Elwells contend that the salary payments in issue were proper although not authorized by the corporate directors during formal meetings or by written consents setting forth the board action, signed by all directors, and filed with the board minutes. Code Ann. § 22-710.

The corporate directors were James and Dorothy Elwell and George and June Nesmith. The evidence establishes that the two families had been friends, and that they conducted the corporate business informally while eating meals together or that the husbands consulted with each other frequently, if not always daily, and made all business decisions orally. James Elwell testified that the Nesmiths, or at least George Nesmith, was aware that he had been increasing his salary periodically over the years and was aware of the amounts he was paying his wife, Dorothy, for her employment at the shoe store. George Nesmith denied during his testimony that James Elwell had discussed these salary payments with him or that he had authorized them. He admitted that the corporate books and reports were available for his inspection but that he had not looked to determine what the Elwells were receiving as salaries. Soon after incorporation the parties ceased maintaining formal minutes of the board of directors and thereafter conducted all corporate business informally and orally.

The Elwells contend, based on decisions typified by *Bloodworth v. Bloodworth,* 225 Ga. 379 (169 SE2d 150) (1969), that the Nesmiths are estopped to complain that the salary authorizations were not placed upon the corporate minutes. Code Ann. § 22-710. See, generally, Kaplan's Nadler Georgia Corporation Law, 1979 Ed., § 10-10. Assuming, without deciding, that the longstanding course of informal and oral business transactions by the corporate directors waived any applicable requirement that the salary increases and payments be spread upon the minutes of the board of directors either

after formal meeting or by written waiver, the judgment nevertheless must be affirmed. The trial court as trier of the facts was confronted with a conflict in the evidence as to whether the Elwells consulted even informally and orally with the Nesmiths regarding the contested salary increases. The evidence supports the court's findings of unauthorized overpayments. Accordingly, we affirm.

3. Counsel for the receiver stated in his place that he had spent more than 150 hours on the matter at $75 per hour. There was no evidence to the contrary. The court's finding that $7,500 was reasonable and appropriate is within the uncontested sum demanded. Hence, we affirm.

*Judgment affirmed in Case No. 36657; Appeal dismissed in Case No. 36658. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1980 — DECIDED SEPTEMBER 24, 1980.

*Elliott & Turner, Tyron Elliott,* for appellants.
*George C. Kennedy, Sr.,* for appellees.

