## 65443. MITCHELL v. THE STATE.

BANKE, Judge.
Following a bench trial, appellant was convicted of three counts of armed robbery and sentenced to serve 14 years on each count concurrently. His sole enumeration of error on appeal asserts that the trial judge should have recused himself because of bias or prejudice

resulting from hearing appellant's guilty plea and reviewing his criminal record.

The record shows that appellant originally entered a plea of guilty on each count of armed robbery charged. After hearing a summary of the facts of the case and reviewing appellant's criminal record, the trial court refused the District Attorney's recommendation of an 8-year sentence and instead indicated that it would impose a sentence of 14 years. In response, appellant withdrew his plea of guilty.

In refusing to grant the motion to recuse himself, the trial judge denied that any prejudice had resulted from the previous proceedings and emphasized that appellant could still select a jury trial if he seriously doubted the court's impartiality. Counsel for appellant, however, chose to continue with the bench trial. *Held:*

Canon 3 C (1) (a) of the Code of Judicial Conduct, 231 Ga. A-1, A-5, provides that "a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party." Although such bias or prejudice was not previously a ground for disqualification unless based upon a pecuniary interest or relationship to a party, under this canon "where bias or prejudice of a judge has been shown concerning a party, it is error for the judge to hear and decide the case." *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975).

In this case, there has been no showing of personal bias or prejudice, and consequently the trial judge did not err in refusing to recuse himself. Appellant asserts that a reasonable question of bias or prejudice arises merely from the fact that the trial judge had heard a summary of the evidence and had been informed of appellant's criminal record in considering his plea of guilty. However, we do not believe that bias or prejudice can be presumed because of such circumstances, which are not at all unusual in the disposition of criminal cases. See generally *Camp v. State,* 147 Ga. App. 114 (248 SE2d 286) (1978). On the contrary, there is a presumption that a trial judge sitting without a jury separates any extraneous matters from the legal evidence in reaching his verdict. *Johnson v. State,* 140 Ga. App. 284 (231 SE2d 87) (1976). See also *Banks v. D.H.R.,* 141 Ga. App. 347 (233 SE2d 449) (1977).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 28, 1983.

*Earl Davidson,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen*

*Moye, Harvey Moskowitz, Assistant District Attorneys,* for appellee.