69473. HOUSER v. THE STATE.
(326 SE2d 513)

BANKE, Chief Judge.

The appellant, a 15-year-old, was tried as an adult on charges of

burglary and assault with intent to rape. He was convicted on both counts and filed this appeal from the denial of his motion for new trial. *Held*:

1. In his initial enumeration of error, the appellant contends that his in-custody statement should not have been admitted because the investigating officer who questioned him was also the "juvenile intake officer."

The facts pertinent to this enumeration are as follows. The appellant was picked up by Sgt. Harris and taken to Lt. Maye's office in the juvenile department of the Houston County Sheriff's Department, where he was then questioned by Lt. Maye after his mother had arrived and after *Miranda* warnings had been given. Both he and his mother signed waiver forms indicating that they understood these rights. The appellant then made a statement admitting that he had entered the victim's home and providing information which ultimately led to the recovery of an item taken during the burglary. Based on this statement, Lt. Maye made a determination that the appellant should be detained.

The State concedes that Lt. Maye was acting at the time in his capacity as a "juvenile court intake officer." A "juvenile court intake officer" is defined by statute as "the juvenile court judge, referee, court service worker, or person employed as a juvenile probation or intake officer designated by the juvenile court judge . . . which person is on duty for the purpose of determining whether any child taken into custody should be released or detained, and, if detained, the appropriate place of detention." OCGA § 15-11-2 (10). Pursuant to OCGA § 15-11-19 (a) (3), a person taking a child into custody shall "with all reasonable speed and without first taking the child elsewhere . . . bring the child immediately before the juvenile court or promptly contact a juvenile court intake officer [who] shall determine if the child should be released or detained."

The appellant contends, in effect, that because juvenile investigator Maye's ordinary duties included the investigation of juvenile crime they conflicted with the duties of an intake officer, who must determine whether a juvenile should be released or detained. He argues that for this reason his statement to Lt. Maye should have been excluded. We disagree. Even assuming *arguendo* that Lt. Maye was not a properly constituted intake officer, this could only affect the validity of his decision to detain the appellant, not the admissibility of the appellant's statement, which as noted by the trial court, had already been made. In the factually similar case of *Paxton v. State*, 159 Ga. App. 175 (1) (282 SE2d 912) (1981), we held as follows: "It is apparent that the purpose of [OCGA § 15-11-19] is to make certain that a juvenile's rights are protected when he is taken into custody or placed in detention. This was done in the instant case, and his mother

was present with him. In all cases we have found holding that a violation of the [Juvenile] Code rendered a confession inadmissible, different factors directly affecting the juvenile's rights were present. See, e.g., *J. J. v. State of Ga.*, 135 Ga. App. 660 (218 SE2d 668) (1975), parents not present or notified of detention; juvenile unaware of right to have parents present; *Jackson v. State*, 146 Ga. App. 375 (246 SE2d 407) (1978), juvenile's parents not notified or present; *Riley v. State*, 237 Ga. 124 (226 SE2d 922) (1976), parents not present; *Crawford v. State*, 240 Ga. 321 (240 SE2d 824) (1977), juvenile not taken before court, not advised of right to have parent, relative or other adult present." Relying on *Paxton*, we find no error in the admission of the appellant's statement.

2. The appellant further asserts that his statement should have been excluded because it resulted from an illegal arrest. Sgt. Harris testified that he was looking for the appellant because he had information that the appellant might have been seen riding his bicycle in the vicinity where the crimes had occurred. Harris located the appellant walking along the street and asked him if he would ride back to the appellant's home so that Harris could speak to him in the presence of his mother. The appellant's mother was not home; however, his grandmother told Harris that it would be all right for the appellant to accompany Harris to the sheriff's department. The grandmother declined the opportunity to accompany the appellant but indicated that she would notify the appellant's mother of his whereabouts. Harris assured her that no one would question the appellant until his mother arrived. As noted in Division 1, the appellant was not questioned until after his mother had arrived and his *Miranda* rights had been explained to both of them. While Sgt. Harris testified that the appellant accompanied him voluntarily, he also stated that he was reluctant to leave the appellant at his home because he "might not see him again."

Assuming *arguendo* that appellant was illegally detained, it does not necessarily follow that his statement was inadmissible. "The Supreme Court of the United States recently has equated seizures of persons with seizures of tangible items for purposes of the Fourth Amendment, but has not suggested the existence of a *per se* rule excluding a defendant's statement or the fruits of a search simply because the confession or the search was made while the defendant was in custody pursuant to an unlawful arrest. To the contrary, the use of a test requiring a review of the surrounding facts and circumstances has been mandated. *Dunaway v. New York*, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979); *Brown v. Illinois*, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975)." *Thompson v. State*, 248 Ga. 343 (2) (285 SE2d 685) (1981).

In *Rawlings v. Kentucky*, 448 U. S. 98 (100 SC 2556, 65 LE2d

633) (1980), the United States Supreme·Court upheld the admissibility of a statement given by the defendant while he was illegally detained. In doing so, the court considered these factors: (1) *Miranda* warnings were given moments before the statement; (2) the defendant was detained in a congenial atmosphere; (3) the statement apparently was a spontaneous reaction to the discovery of his drugs; (4) the statement was voluntary; and (5) the absence of purposeful and flagrant misconduct on the part of the detaining officers. While there is no evidence before us concerning factors (2) and (3), the evidence concerning the other factors tends to warrant the conclusion that "the admission of the [statement] did not abridge appellant's constitutional rights, as [it was] made freely and voluntarily and constituted [an act] of free will unaffected by any alleged illegality in the detention of appellant." *Olson v. State*, 166 Ga. App. 104, 109 (303 SE2d 309) (1983). Particularly significant in the case before us is the lack of purposeful and flagrant misconduct on the part of the officers. In finding the defendant's statement inadmissible in *Brown v. Illinois*, supra, the Supreme Court concluded that the "manner in which Brown's arrest was effected gives the appearance of having been calculated to cause surprise, fright, and confusion." Id. at 605. Because no evidence of intimidation or of "purposeful and flagrant misconduct" on the part of the officers is present here, we hold that even if an unlawful detention occurred, there was a valid waiver of rights rendering the statement admissible.

3. The State was allowed over objection to elicit testimony that the appellant had committed a rape about 18 months prior to the date of the offenses for which he was on trial in this case. The appellant contends that this testimony was prohibited by OCGA § 15-11-38 (b), which provides as follows: "The disposition of a child and evidence adduced in a hearing in the juvenile court may not be used against him in any proceeding in any court other than for a proceeding for delinquency or unruliness, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purposes of a pre-sentence investigation and report."

In *Hayward v. Ramick*, 248 Ga. 841, 844 (285 SE2d 697) (1982), the Supreme Court held that this "code provision is designed to protect children from disclosure relating to matters resulting from and produced in juvenile hearings . . ." Consequently, the Court concluded that the statute does not insulate the child from testimony concerning the facts which do not disclose the "disposition of a child" and that such testimony does not constitute "evidence adduced in a hearing in juvenile court." Because the same reasoning applies in the present case, we hold that the testimony in question was properly admitted to show the appellant's lustful disposition and to corroborate the testimony of the victim in the case under review. See generally

*Mackler v. State,* 164 Ga. App. 874 (2) (298 SE2d 589) (1982).

4. The appellant further contends that the trial court erred in failing to exclude evidence of a pre-trial photographic identification procedure. "[C]onvictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). Upon examination of the photographs in question, which are before us in the record, we do not find them to be impermissibly suggestive. In any event, there was sufficient evidence to support a finding that the victim's positive in-court identification of the appellant had an independent origin based upon her observations of him during the commission of the crimes. See *Paxton v. State,* 160 Ga. App. 19 (285 SE2d 741) (1981).

5. Notwithstanding the victim's testimony that the appellant entered her home without permission, demanded sex, knocked her down and straddled her while trying to undo his pants, the appellant contends that the State failed to prove his intent to rape. After having carefully reviewed the evidence presented to the jury and available for their consideration, we find that a rational trier of fact could reasonably have found the appellant guilty of both offenses beyond a reasonable doubt. See generally *Parker v. State,* 161 Ga. App. 478 (288 SE2d 297) (1982).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 17, 1985 —
REHEARING DENIED JANUARY 30, 1985 —

*Harry J. Fox, Jr.,* for appellant.
*Theron Finlayson, District Attorney,* for appellee.