S93A1629, S93A1630. WAUGH v. THE STATE (two cases).
(437 SE2d 297)

CARLEY, Justice.

Appellant was tried before a jury and found guilty of felony murder, the underlying felony being criminal damage to property in the first degree. In Case No. S93A1629, appellant appeals from the judgment of conviction and life sentence entered on the jury's guilty verdict and, in Case No. S93A1630, he appeals from the denial of his motion for new trial.[1]

1. The notice of appeal in Case No. S93A1629 was timely filed. Accordingly, that case "is pending before this court. Case [No. S93A1630] is dismissed as redundant." *Elwell v. Nesmith*, 246 Ga. 430, 431 (1) (271 SE2d 827) (1980).

2. Appellant enumerates the general grounds.

Construing the evidence most strongly in support of the verdict shows the following: Appellant's 19-year-old half-brother, Eric Prince, dropped a rock weighing more than 40 pounds from a bridge which crossed a metropolitan interstate highway. The rock crashed through the windshield of a car and killed a passenger therein. Only 15 minutes earlier, appellant himself had thrown a garbage can from the same bridge and struck another vehicle. After this incident, appellant

---

[1] The crime occurred on August 25, 1990. Appellant was indicted on December 10, 1990. The verdict was returned on March 15, 1991. Appellant's motion for new trial was filed on March 15, 1991, amended on July 30, 1991 and denied on June 11, 1993. Appellant's notice of appeal in Case No. S93A1629 was filed on July 6, 1993 and his notice of appeal in Case No. S93A1630 was filed on July 8, 1993. The appeals were both docketed on July 29, 1993 and orally argued on October 5, 1993.

instructed Prince to select the largest rock that he could find, so that he could throw it from the bridge. Appellant then assisted Prince in moving the rock to the bridge and watched Prince as he dropped the rock.

"A person commits the offense of criminal damage to property in the first degree when he . . . [k]nowingly and without authority interferes with any property in a manner so as to endanger human life. . . ." OCGA § 16-7-22 (a) (1). Appellant aided and abetted Prince in throwing a large rock from a bridge into the path of oncoming traffic, thereby interfering with the on-coming vehicles in a manner so as to endanger human life. The

> testimony of the State's witnesses, [including] evidence of appellant's flight, was sufficient to authorize a rational trior of fact to have found proof of appellant's guilt . . . as a party to [criminal damage to property in the first degree] beyond a reasonable doubt. [Cit.]

*Garrett v. State*, 196 Ga. App. 872, 874 (4) (397 SE2d 205) (1990). As a 15-year-old, appellant was not incapable of forming the requisite criminal intent to violate OCGA § 16-7-22 (a) (1). OCGA § 16-3-1. As defined in OCGA § 16-7-22 (a) (1), criminal damage to property in the first degree is a felonious act which is inherently dangerous or life-threatening and that felony can, therefore, support a felony murder conviction. Compare *Ford v. State*, 262 Ga. 602 (1) (423 SE2d 255) (1992).

> "As a party to [criminal damage to property in the first degree, OCGA § 16-7-22 (a) (1)], [appellant] was liable for the consequences of his crime, including the death of the victim. [Cit.] Furthermore, the jury was properly charged on the relevant principles of law. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found [appellant] guilty of felony murder beyond a reasonable doubt. [Cits.]"

*Bedford v. State*, 263 Ga. 121, 122-123 (3) (429 SE2d 87) (1993). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. On direct examination, a State's witness testified that appellant "had a real bad attitude. He really didn't care about anything. He was always in trouble for just mischievous little things." Appellant objected and moved for a mistrial, urging that his character had been placed into issue. The trial court's failure to sustain the objection and grant a mistrial is enumerated as error.

"[A] reference to a defendant's having been in trouble does not

place his character in issue, since it is unclear what is meant by such a remark. [Cits.]" *Richardson v. State*, 173 Ga. App. 695, 696 (2) (327 SE2d 813) (1985). Moreover, appellant's mischievous character was brought up by appellant himself in opening statement. *Todd v. State*, 261 Ga. 766, 769 (3) (410 SE2d 725) (1991). See also *Phillips v. State*, 238 Ga. 616, 617 (4) (234 SE2d 527) (1977). Accordingly, this enumeration of error is without merit.

4. The trial court's failure to charge the jury on the legal principles discussed in *Ford v. State*, supra at 602 (1) is enumerated as error. However, there is no indication in the record that any request to charge on those principles was ever made. See *Wilson v. State*, 262 Ga. 588, 590 (3) (422 SE2d 536) (1992). Moreover, as previously discussed, *Ford* has no application in a felony murder case wherein, as here, the underlying felony is dangerous and life-threatening as a matter of law.

5. The trial court's refusal to give appellant's requests to charge on reckless conduct and involuntary manslaughter as lesser included offenses is enumerated as error. See *Reinhardt v. State*, 263 Ga. 113 (2) (428 SE2d 333) (1993).

"[T]he crime of reckless conduct is, in essence, an instance of *criminal negligence*, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another." (Emphasis in original.) *Bowers v. State*, 177 Ga. App. 36, 38 (1) (338 SE2d 457) (1985). The act of endangerment alleged in the instant case is the dropping of a rock weighing more than 40 pounds from a bridge into the path of on-coming traffic. There is *no* evidence that this act was accomplished through criminal negligence. The evidence is undisputed that the rock was dropped intentionally and that appellant was a culpable party to that act. One who unintentionally shoots another while engaged in target practice may be merely criminally negligent and therefore guilty of reckless conduct rather than an intentional aggravated assault. *Bowers v. State*, supra. One who accidentally sets a fire may be merely criminally negligent and therefore guilty of reckless conduct rather than an intentional arson. *Reinhardt v. State*, supra. However, one who is a party to the intentional act of dropping a rock weighing more than 40 pounds directly into the path of on-coming traffic cannot be merely criminally negligent so as to be guilty of reckless conduct rather than the intentional act of "[k]nowingly and without authority interfer[ing] with [an on-coming vehicle] in a manner so as to endanger human life. . . ." OCGA § 16-7-22 (a) (1). It is immaterial that appellant may not have intended that the rock thrown by Prince actually strike the car and kill the passenger. The crime of criminal damage to property in the first degree requires only that a knowing and unauthorized life-endangering interference with property be accomplished. If the proscribed act of interference does

result in an unintentional death, the perpetrator can nevertheless be found guilty of felony murder. Appellant was a culpable party to Prince's intentional act of throwing the rock and appellant is criminally liable for the fatal consequences of that act.

> [T]he uncontradicted evidence in this case showed the completion of the greater offense of [criminal damage to property] in the first degree, rendering it unnecessary that the trial court charge on the lesser offenses. [Cit.]

*McCoy v. State*, 262 Ga. 699, 702 (3) (b) (425 SE2d 646) (1993).

6. The trial court's refusal to give appellant's requested charge on criminal trespass as a lesser included offense is also enumerated as error.

OCGA § 16-7-21 (a) provides, in relevant part, that the crime of criminal trespass is committed when one "knowingly and maliciously interferes with the possession or use of the property of another person without his consent." The crime of criminal damage to property in the first degree, however, requires more than a mere knowing and malicious interference with the property of another without his consent. OCGA § 16-7-22 (a) (1) provides, in relevant part, that the crime of criminal damage to property in the first degree is committed when one "[k]nowingly and without authority interferes with any property in a manner *so as to endanger human life*." (Emphasis supplied.) The *only* evidence of "interference" in the instant case is the *life-endangering* act of intentionally dropping the rock into the path of on-coming traffic. There is *no* evidence of a mere knowing and malicious interference with the property of another without his consent. Accordingly, even assuming without deciding that OCGA § 16-7-21 (a) can ever be considered, as a matter of law, to be a lesser included offense of OCGA § 16-7-22 (a) (1), it is clear that, in the instant case, OCGA § 16-7-21 (a) cannot be considered, as a matter of fact, a lesser included offense of OCGA § 16-7-22 (a) (1). It follows that there was no error in refusing to give the charge.

7. For the reasons previously discussed, appellant's contention that the trial court erred in charging on conspiracy and parties to a crime is without merit.

8. "Nor did the trial court err in refusing to charge on accident [or misfortune]." *Brooks v. State*, 262 Ga. 187, 188 (3) (415 SE2d 903) (1992).

9. Appellant's contention that the trial court erred in failing to give an unrequested charge on criminal damage to property in the first degree as a separate lesser included offense is without merit. *Peterson v. State*, 253 Ga. 171 (317 SE2d 521) (1984).

10. There was no reversible error in the charge on reasonable

doubt. *Vance v. State,* 262 Ga. 236, 237 (2) (416 SE2d 516) (1992). See also *Dominick v. State,* 209 Ga. App. 319, 320 (2) (433 SE2d 405) (1993).

11. The State's pre-trial notice regarding appellant's prior commission of similar transactions was sufficiently specific. "The transactions were continuing in nature over a period of [weeks] and the State's [pre-trial notice] described them with as much specificity as was possible." *Loyd v. State,* 202 Ga. App. 1 (1) (a) (413 SE2d 222) (1991). " 'In revealing to appellant the information which it had, the prosecution complied with Rule 31.3. (Cits.)' [Cit.]" *Patten v. State,* 184 Ga. App. 152, 154 (3) (361 SE2d 203) (1987).

> 12. We need not address [appellant's contention] that the State improperly failed to show a legitimate purpose for admitting the evidence of similar independent crimes because *Williams* [*v. State,* 261 Ga. 640 (409 SE2d 649) (1991)] provides a ground for reversal only as to objections raised at trial. [Cit.]

*Slater v. State,* 209 Ga. App. 723, 725 (2) (434 SE2d 547) (1993).

> 13. Appellant alleges error in that the trial court admitted testimony of the investigating officer relating to [a statement] made by [appellant] during [a juvenile] investigation. The objection is predicated on the proposition that [OCGA § 15-11-38] (b) was violated. . . . While the record reflects there was a juvenile proceeding relating to [appellant], we hold that the officer's testimony regarding the facts learned in the investigation does not disclose the "disposition of a child" nor is it "evidence adduced in a hearing in juvenile court."

*Hayward v. Ramick,* 248 Ga. 841, 843-844 (2) (285 SE2d 697) (1982). Accordingly, OCGA § 15-11-38 (b) was not violated by the admission of the testimony. See also *Houser v. State,* 173 Ga. App. 378, 381 (3) (326 SE2d 513) (1985).

14. Evidence was adduced which showed that appellant had two years earlier thrown an object into the windshield of a moving car and that he had a few weeks earlier thrown a watermelon off the bridge. This evidence was properly admitted as relevant and probative similar transactions evidence. See *Williams v. State,* supra; *Childs v. State,* 202 Ga. App. 488, 489 (1) (414 SE2d 714) (1992); *Haynes v. State,* 199 Ga. App. 288, 290 (2) (404 SE2d 585) (1991). Evidence that appellant had thrown a garbage can from the bridge and struck a vehicle just 15 minutes earlier was admissible as part of the res gestae. See *Natson v. State,* 242 Ga. 618, 620 (1) (250 SE2d 420) (1978);

*Baird v. State*, 207 Ga. App. 44 (1) (427 SE2d 37) (1993).

15. Appellant has no standing to complain that the trial court accepted Prince's guilty plea. See *Jackson v. State*, 156 Ga. App. 280 (4) (274 SE2d 674) (1980). Evidence as to Prince's plea was not admitted at appellant's trial. Without objection, the fact that Prince had entered a plea was mentioned only in the State's opening statement and in its argument. Even if appellant had objected to these references to Prince's plea, no reversible error would be shown. It is clear that, under the circumstances of this case, "no prejudice to appellant resulted from references made to [Prince's] plea. . . ." *James v. State*, 196 Ga. App. 569, 570 (396 SE2d 306) (1990).

16. Appellant filed a motion to recuse the trial judge. Another judge heard the motion and denied it. The denial of the recusal motion is enumerated as error.

Contrary to appellant's contention, all grounds of his motion to recuse were ruled upon, by written order setting forth findings of fact and conclusions of law. None of those grounds was meritorious and his motion was, therefore, properly denied. "In this case, there has been no showing of personal bias or prejudice, and consequently [we find no error]." *Mitchell v. State*, 165 Ga. App. 258, 259 (300 SE2d 5) (1983). "[T]he claim as to recusal has no bearing whatsoever upon the trial of the case in which [appellant] was convicted. . . ." *Martin v. State*, 165 Ga. App. 760, 761 (2) (302 SE2d 614) (1983).

17. The denial of appellant's demurrer challenging the constitutionality of Georgia's felony murder statute is enumerated as error.

"It is beyond constitutional question that the [S]tate has authority to enact felony murder statutes. [Cit.]" *Collier v. State*, 244 Ga. 553, 570-571 (16) (261 SE2d 364) (1979). We have previously "held [any] overbreadth of the felony-murder statute to be a policy, rather than a Constitutional, problem." *McKenzie v. State*, 248 Ga. 294, 295 (3) (282 SE2d 95) (1981). Contrary to appellant's contention, "[f]elony murder *does* . . . require that the defendant possess the requisite criminal intent to commit the underlying felony." (Emphasis supplied.) *Holliman v. State*, 257 Ga. 209, 210 (1) (356 SE2d 886) (1987). Appellant's further contention as to the unavailability of the justification defense to a charge of felony murder is likewise without merit. Where there are "circumstances which ordinarily would support a charge on justification, the defendant is *not* precluded from raising justification as a defense." (Emphasis supplied.) *Heard v. State*, 261 Ga. 262, 263 (3) (403 SE2d 438) (1991). It follows that appellant's demurrer was properly overruled.

18. Appellant's remaining enumerations of error have been considered and are either without merit or moot.

*Judgment affirmed in Case No. S93A1629. Appeal dismissed in Case No. S93A1630. All the Justices concur.*

Decided December 2, 1993 —
Reconsideration denied December 17, 1993.

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney*, for appellee.