S97A1700. STEPHANEY v. THE STATE.

(495 SE2d 291)

SEARS, Justice.

The appellant, Tommie Stephaney, was convicted of felony murder, three aggravated assaults, and the possession of a firearm during the commission of a felony.[1] He appeals, raising numerous issues regarding the trial court's charge to the jury. We find no merit to the enumerations, and affirm.

The evidence would have authorized the jury to conclude that on April 14, 1993, Tommie Stephaney went to the house of the victim, his lifelong friend Robert Ferguson; that Stephaney, Robert Fergu-

---

[1] The crimes occurred on April 14, 1993. Stephaney was indicted on June 29, 1993, and found guilty by a jury on July 27, 1995. The trial court sentenced Stephaney to life in prison for the felony murder conviction, and to five years in prison for the possession offense. The trial court merged the convictions for aggravated assault with the felony murder conviction. Stephaney filed a motion for new trial on August 23, 1995, and an amended motion for new trial on November 22, 1995. The court reporter certified the trial transcript on December 15, 1995. The trial court denied Stephaney's motion for new trial, as amended, on June 2, 1997, and Stephaney filed a notice of appeal on June 24, 1997. The appeal was docketed in this Court on July 11, 1997, and submitted for decision without oral arguments on September 2, 1997.

son, Eric Ferguson, Gwendolyn Chapman, and Darlene Tyler went to the basement of the home; and that Stephaney became agitated and began to wave a gun around. According to Chapman, Stephaney "just flipped," saying they were all trying to "play me" or "set me up." Tyler testified that Stephaney stated that he was going to "fuck somebody up." Gwendolyn Chapman testified that everyone ran from the room, with Eric Ferguson, Darlene Tyler, and herself going upstairs through the interior stairs. Robert Ferguson left the basement using the door to the outside. Stephaney followed everyone upstairs. Once upstairs, Chapman and Tyler went into a bathroom, dove on the floor, and held the door closed with their feet. Chapman and Tyler stated that Stephaney kicked the door; Tyler added that Stephaney was "fixing to shoot us"; and Chapman testified that she was "scared to death." Eric and Robert's parents, Horace and Gwendolyn Ferguson, were upstairs getting ready for bed when Stephaney came into their bedroom and began waving the gun around. Ms. Ferguson told Stephaney to leave her home, and tried to push him outside. Stephaney pushed Ms. Ferguson down. Horace Ferguson testified that he and his wife tried to get Stephaney to leave the home, but that Stephaney would not go. Horace added that at one point Stephaney looked out the door, and "hollered, there he is, he (Stephaney) kicked the door with his foot . . . and started shooting." Horace stated that Stephaney fired three shots through the door. Gwendolyn Ferguson confirmed that she heard Stephaney state "there he is" immediately before he fired the gun. Robert Ferguson was outside the door, and was shot. Because he managed to walk to a neighbor's home, Horace and Gwendolyn Ferguson did not immediately realize that Robert had been shot. He died later that night. Stephaney subsequently made a statement to the police in which he stated that "someone peeped in that door," but that the shooting was an accident.

Stephaney was subsequently convicted of the felony murder of Robert Ferguson; of aggravated assaults against Eric Ferguson, Horace Ferguson, and Gwendolyn Ferguson; and of the possession of a firearm during the commission of a felony.

1. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Stephaney guilty of the crimes charged beyond a reasonable doubt.[2]

2. Contrary to Stephaney's first three enumerations of error, the trial court did not err in declining to charge the jury on involuntary manslaughter and reckless conduct.[3] Moreover, we find no merit to

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Waugh v. State*, 263 Ga. 692, 695-696 (437 SE2d 297) (1993).

Stephaney's remaining enumerations of error.[4] Accordingly, we affirm his convictions.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1998.

*The Steel Law Firm, David H. Jones,* for appellant.

*Paul L. Howard, District Attorney, Bettieanne C. Hart, Gina C. Marshall, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.

---

[4] These enumerations are (1) that there was insufficient evidence to demonstrate that he killed Robert Ferguson during the commission of any of the aggravated assaults against Eric, Horace, or Gwendolyn Ferguson (which served as the underlying felonies for felony murder); (2) that there was a fatal variance between the allegations contained in Count 2 and the proof offered at trial; (3) that he did not have adequate notice that the aggravated assaults against Eric, Horace, and Gwendolyn Ferguson could serve as the underlying felonies for the felony murder charge; (4) that there was a fatal variance between Counts 4, 5, and 6 and the proof offered at trial; and (5) that because his convictions for Counts 2, 4, 5, and 6 must be reversed for the reasons he gives in his other enumerations of error, Count 7 must be reversed, in that there must be an underlying felony for an individual to be convicted of possession of a firearm during the commission of a felony.