## 63395. MANNING v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of kidnapping with bodily injury and armed robbery.

On the morning of March 27, 1981 appellant, a 16-year-old male, forcibly entered the home of Diane Watson. Appellant robbed Ms. Watson at gunpoint of $80; he then forced her into a bedroom and shot her in the neck, leaving her paralyzed. The victim heard appellant get in her car and drive away. Appellant returned sometime around 2:00 in the afternoon the same day. Ms. Watson heard someone removing something from the gun case in another room. Finding Ms. Watson still alive, appellant shot her again, wrapped her in a sheet, dragged her into the woods behind her home, left her there and drove off again in her car. About an hour later appellant was arrested in possession of the Watson car and some weapons identified as belonging to Mr. Watson, the victim's husband.

Appellant was approached by the police when he was stopped on the highway apparently having car trouble. He was taken into custody for failure to have a driver's license. While appellant was in custody, the police discovered that the car in appellant's possession was registered to Thomas Watson. At approximately 4:00 Mr. Watson arrived home, found his wife gone and went out to look for her. As he was driving by the police station he saw his car in the parking lot and went in to see if his wife was there. Finding that Ms. Watson was not there, he filed a report that she was missing. The police went to the Watson home to investigate and found Ms. Watson in the woods behind the home.

1. Appellant contends that the trial court erred in permitting an in-court identification of appellant by the victim. At trial Ms. Watson positively identified appellant as the man who shot and robbed her. Appellant argues that because he was the only young black male in the courtroom at the time the victim identified him that the identification was tainted. Ms. Watson had ample opportunity to see appellant at the scene of the crime; appellant fit the description given by the victim, and there were no impermissibly suggestive pre-trial identification procedures involved in the case. The in-court identification based upon the victim's view of defendant at the scene of the crime was not impermissibly tainted solely because the appellant sat at the defendant's table and was the only black male in the courtroom. *Fambrough v. State,* 146 Ga. App. 328, 329 (246 SE2d 384) (1978); *Mangrum v. State,* 155 Ga. App. 334 (1) (270 SE2d 874) (1980); *Hunter v. State,* 135 Ga. App. 172, 175 (217 SE2d 172) (1975); *Coleman v. State,* 150 Ga. App. 380 (258 SE2d 12) (1979). Thus,

appellant's enumeration of error is without merit.

2. Appellant contends that the trial court erred in admitting a statement made by appellant to police officers. Appellant was taken into custody at approximately 3:00 p.m. on a traffic violation. Appellant's parents were notified of his arrest and arrived at the police station at approximately 6:30 p.m. Both appellant and his parents were advised that he was a suspect in a crime. At 9:30 p.m. appellant, in the presence of his parents and grandmother, was read his Miranda rights, signed a waiver of counsel and made a statement to the police implicating him in the crimes for which he was subsequently charged. Appellant's parents and grandmother also signed the waiver. Appellant contends that the statement was inadmissible because his waiver of counsel was not made knowingly and voluntarily.

In the case of a juvenile, a confession is scanned with more care and is received with greater caution than the confession of an adult. *Bussey v. State,* 144 Ga. App. 875 (243 SE2d 99) (1978). Failure to comply with the statutory safeguards contained in Code Ann. § 24A-1402 renders the confession of a juvenile inadmissible. *M. K. H. v. State,* 135 Ga. App. 563 (2) (218 SE2d 284) (1975). This is true even in a criminal case where a juvenile is tried as an adult. *Williams v. State,* 238 Ga. 298 (232 SE2d 535) (1977).

In the instant case, the juvenile court referee was notified approximately 15 minutes after appellant was taken into custody; appellant's parents were present with him when he made his statement and had spoken to him alone prior to his statement. Applying the principles enunciated in our recent decision in *Paxton v. State,* 159 Ga. App. 175, 178 (1) (282 SE2d 912) (1981), the basic requirements of Code Ann. § 24A-1402 were met, and appellant's statement was admissible.

In addition, after a Jackson-Denno hearing the trial court found that appellant's waiver of counsel was made knowingly and voluntarily. Appellant, his parents and his grandmother were advised of his constitutional rights and all of them signed his waiver of counsel. After a close review of the record and applying the "totality of the circumstances" test, we find that the trial court did not err in admitting appellant's statement. *Williams v. State,* supra, at p. 303.

3. Appellant contends that the trial court erred in denying his demurrer to the multi-count indictment. If several crimes arise from the same conduct and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except where the court, in the interest of justice, orders one or more of the charges to be tried separately. Code Ann. § 26-506 (b) and (c). Severance lies within

the discretion of the trial judge. *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975); *Schamber v. State,* 152 Ga. App. 196, 197 (262 SE2d 533) (1979). Thus, appellant's enumeration of error is without merit.

4. Next, appellant contends that the trial court erred in denying his motion in limine and in admitting certain photographs into evidence. Appellant contends that the photographs of the victim were not an accurate portrayal of the way the victim was discovered by the police, were introduced solely to inflame the jury, and that their probative value was substantially outweighed by the prejudice created in their admission.

" 'The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused.' [Cit.]" *Thomas v. State,* 146 Ga. App. 530 (246 SE2d 514) (1978). Photographs of the crime scene, the victim and articles of clothing worn by the victim, when properly identified, are admissible even though they may be cumulative of other testimony and evidence presented, *Mize v. State,* 240 Ga. 197 (240 SE2d 11) (1977), and even though it is alleged that they are designed to inflame and prejudice the jury, *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974). We find no abuse of discretion on the part of the trial court in admitting the photographs in this case.

5. Appellant also contends that the trial court erred in its charge to the jury that "the object of all legal investigation is the discovery of truth." Appellant argues that the charge deprives him of his presumption of innocence and reduces the state's burden to prove him guilty beyond a reasonable doubt. We do not agree. The trial court correctly charged the jury on presumption of innocence and burden of proof. Considered as a whole, the charge did not constitute error. *Anderson v. State,* 150 Ga. App. 318 (257 SE2d 385) (1979).

6. Finally, appellant contends that the trial court erred in denying his motions for directed verdict and new trial because there was insufficient evidence to support the verdict and the verdict was contrary to the law and the evidence. In addition to the victim's positive identification of appellant as the person who shot and robbed her, and his own voluntary statement, there was evidence that appellant was in possession of the car and guns taken from the victim's home. There was also evidence of footprints and bicycle tire tracks which matched appellant's shoes and the bicycle he was using the morning that the victim was robbed and shot. Under the circumstances of this case, we find the evidence sufficient to support

the verdict. We also find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JUNE 4, 1982.

*Daniel L. Studstill,* for appellant.

*Vickers Neugent, District Attorney, Lew S. Barrow, Assistant District Attorney,* for appellee.