*James H. Moore III*, for appellee.

### A95A0397. WILLS v. THE STATE.
(453 SE2d 762)

BLACKBURN, Judge.

Connie Elaine Wills appeals her conviction by a jury of one count of prostitution.

1. On appeal, Wills contends the trial court erred in failing to grant her motion for continuance. Such a contention requires that Wills make a clear showing of the trial court's abuse of discretion in granting or refusing a continuance. See *Pope v. State*, 140 Ga. App. 643 (1) (231 SE2d 549) (1976).

In the present case, the accusation was filed November 23, 1993. Thereafter, the trial court appointed counsel for Wills. The case was placed on the May 31, 1994, trial calendar at which time Wills' appointed counsel was released. The record does not contain any evidence as to why such counsel was released. Wills then retained counsel, who entered an appearance on July 13, 1994. The case was placed on a trial calendar for July 18, 1994, at which time it was continued due to Wills' retained counsel's medical condition. The case was next placed on the trial calendar for the week of August 15, 1994. At the call of the trial calendar on August 15, 1994, Wills and her retained counsel were present and announced ready for trial. Later that day, Wills fired her retained counsel, and apparently attempted to obtain the services of another attorney. Wills maintains that she fired her attorney because he was not ready and had filed no motions. However, the record contains several motions, including discovery motions, filed by Wills' appointed counsel. This case was called for trial on August 16, 1994. Wills' new attorney was not present; although he sent a letter to the trial court accepting the case, if the trial court granted a continuance.

The trial court determined that Wills was aware of her concerns regarding her retained counsel prior to the call of the trial calendar on August 15, 1994, yet she chose to announce ready for trial. The trial court concluded that Wills' last minute attempt to substitute counsel was made in an effort to delay trial. This case is distinguishable from the cases cited by Wills, in that the trial court made such a factual finding. See *Butler v. State*, 198 Ga. App. 217 (401 SE2d 43) (1990) (provides physical precedent only); *Robertson v. State*, 162 Ga. App. 873 (293 SE2d 477) (1982) (defendant's lack of attorney on trial date resulted from reasonable misunderstanding between defendant and new counsel). This court also notes that Wills' appellate counsel was present during the second day of trial to represent Wills in any post-

trial matters.

"A party is not allowed to use the discharge of counsel and employment of other counsel as a dilatory tactic in requesting a continuance. [Cit.]" *Harris v. State*, 138 Ga. App. 388, 390 (226 SE2d 462) (1976). Furthermore, "[w]here, as here, the defendant was fined and given a conditional, probated sentence, [s]he was not entitled to court-appointed counsel. [Cits.]" *Smith v. State*, 211 Ga. App. 567, 568 (440 SE2d 44) (1993). Under the particular facts of this case, we find no abuse of the trial court's discretion.

2. In her second enumeration of error, Wills asserts the evidence was insufficient to sustain the jury's guilty verdict. "A person commits the offense of prostitution when [s]he performs or offers or consents to perform an act of sexual intercourse for money." OCGA § 16-6-9.

At trial, Agent Lovette, of the Clayton County Narcotics Unit, testified that he had obtained Wills' telephone number from a person arrested in an undercover operation involving escort services in Clayton County. In response to his call, Wills arrived at his hotel room carrying only her purse. Upon entering the room, Wills called the agency and said that she had just arrived and was going to check the room out. She then asked for identification from Agent Lovette, which he produced. Wills searched the room including lifting up the mattress and box spring. Wills did not disclose why she searched the room. After the search, Wills called the agency and advised that everything was okay and that she was going to begin her modeling session. Wills then advised Agent Lovette that she was there to model and she was not giving consent to anything else and asked for her fee of $200. Agent Lovette gave Wills $200.

Wills then asked Agent Lovette if he would like to get comfortable, and he took off his clothes with the exception of his underwear. Wills took off her clothes, with the exception of her panties. Agent Lovette testified that Wills' underwear was not the type that would be modeled in a lingerie shop, nor was there anything about her skin or person that was worthy of modeling. Wills and Agent Lovette were both on the bed completely naked when additional officers entered and arrested Wills for prostitution. The three officers testified that based on their experience in law enforcement and working with prostitution, they believed Wills had come to Agent Lovette's hotel room for the purpose of prostitution.

"The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence excludes every *reasonable* hypothesis except the guilt of the accused, not that it removes every possibility of innocence of the crime charged." (Citations and punctuation omitted.) *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994). Wills' statement at the time she requested the money was belied by her later actions of completely disrobing with no attempt to

model, and coming in close proximity with Agent Lovette on the hotel bed.

"The [jury] was authorized by the evidence presented to exclude other possible hypotheses as unreasonable and find that [Wills] knowingly and intentionally indicated to an undercover officer her consent to engage in an act of sexual intercourse in exchange for money in violation of OCGA § 16-6-9. [Cits.]" Id. at 699.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 27, 1995 — 

*Lee Sexton*, for appellant.

*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.