## A98A1592. LIVERY v. THE STATE.
(503 SE2d 914)

ELDRIDGE, Judge.

Defendant-appellant William Lee Livery was convicted of attempted child molestation on November 13, 1997, following an incident in which he attempted to remove the ten-year-old victim's underpants. He appeals his conviction, and we affirm.

"On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the evidence in this case showed that the victim was a ten-year-old girl who lived with her hearing-impaired mother in a Clayton County apartment. Livery dated the mother for several months in 1996 and often spent the night with the mother at the apartment. The victim testified that she sometimes slept downstairs on the living room couch while her mother, Livery, and the victim's sister slept upstairs.

In June 1996, the victim was sleeping on the couch in a t-shirt and underpants when she was awakened by the sound of someone coming down the stairs. Thinking it was her mother, she went back to sleep, but soon felt someone tugging at her underpants and touching her stomach. She looked up to see Livery standing over her, dressed only in his underwear. He was pulling her underpants down. She quickly sat up, pulling the blanket up to cover herself. Livery stepped away and asked her what was wrong. She replied that she was cold. He replied that it was not cold in the apartment, but then

retreated upstairs. The victim reported the incident to her mother after Livery left for work. According to the victim, the mother told her that Livery was "probably just trying to wake you up or tickle you." The victim also told "Marsha," a friend of her mother, about the incident. When her mother was incarcerated on an unrelated charge, the victim began staying with Marsha.

In October 1996, the victim's father picked her up for visitation and Marsha told him of the couch incident; the father testified that the victim was crying. The father took the victim to the Morrow Police Department, where police interviewed the victim. The victim repeated her allegations about the couch incident to an investigating officer, who testified at trial. She also told the officer about a similar incident in 1995. See Division 1, infra. The officer testified that, during the interview, the victim was "distraught," "nervous [and] embarrassed" and referred her to counseling. After two failed attempts to contact Livery, the investigating office secured a warrant for his arrest.

Livery was arrested and indicted on a charge of criminal attempt — child molestation. He filed a general demurrer to the indictment which was denied. Following the conviction, Livery was sentenced as a recidivist to ten years imprisonment. His motion for new trial was denied, and he appeals. *Held*:

1. In his first enumeration of error, Livery contends that the trial court erred in admitting similar transaction evidence without providing the required procedural safeguards. We disagree.

Prior to trial, the State gave notice of its intent to introduce two similar transactions in order to show Livery's "motive, intent, [and] lack of mistake." These transactions included a previous incident involving the victim in this case (the "van incident") and a 1986 guilty plea to child molestation involving a separate eight-year-old victim.

Regarding the first incident, the victim testified that she was riding with Livery at night in his van in December 1995; it is unclear exactly which county they were in. Livery suddenly reached over, took the victim's hand, and placed it on his penis. The victim testified that she was uncertain whether Livery's jeans were unzipped, but said that the material felt "different" than the jean fabric. Livery then reached down and touched the victim's genital area. The victim immediately jerked her hand away, stood up, and moved to the back of the van. Livery asked if she was mad at him and she replied "no." She testified that she responded this way because she was nervous. She told her mother the next day, but her mother said "she didn't know who to believe and . . . then told [the victim] not to tell anybody."

The second similar transaction was Livery's 1986 guilty plea for

child molestation of an eight-year-old girl. In that case, Livery admitted pulling the child's underpants down, inserting his fingers into her genital area, lying on top of her, and attempting to insert his penis into her vagina. He was unable to complete the act because his wife walked into the room and discovered the molestation. Livery was sentenced to five years probation following his guilty plea.

(a) "Before any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the [S]tate must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the [S]tate seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. (Footnote omitted.) *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991) [('*Williams*')]. Furthermore, the sexual molestation of young children, regardless of sex or type of act, is of sufficient similarity to make the evidence admissible. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *Farmer v. State*, 231 Ga. App. 78, 79 (1) (498 SE2d 559) (1998); see also *Peppers v. State*, 261 Ga. 338, 339-340 (2) (404 SE2d 788) (1991). In this case, the State fulfilled the *Williams* requirements, and the trial court did not abuse its discretion in determining that the similar transactions were admissible to show Livery's motive, intent, and lack of mistake.

However, Livery contends that such evidence is inadmissible when, as in this case, the defendant asserts only an alibi defense, because the issues of mistake, accident, etc. were not raised. Aside from the fact that the cases cited by the defense in its brief do not support this contention, we reject this assertion on its merits. The similar transaction evidence in this case provided proof of the State's prima facie case of attempted child molestation. The fact that Livery presented only an alibi defense does not make this evidence inadmissible for other permissible purposes.

(b) Further, Livery's "contention that the probative value of the similar transaction evidence was outweighed by its prejudicial impact is without merit. . . . Assuming arguendo that some degree

of prejudice to [Livery] would flow from the admission of this evidence, such prejudice was outweighed by its probative value or its relevancy to the issues on trial." *Farmer v. State*, supra at 79.

Although appellate counsel cites to *Farley v. State*, 265 Ga. 622 (458 SE2d 643) (1995), in support of her claim that a trial court should be required to make an express finding regarding its balancing determination, *Farley v. State* actually stands for the opposite proposition. "Such an *express* determination would be *entirely superfluous*, since evidence which is otherwise relevant does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence. . . . [A] trial court's finding that 'other transactions' evidence is relevant necessarily constitutes an *implicit finding* that the probative value of that evidence outweighs its prejudicial impact. Such evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non." (Citations and punctuation omitted; emphasis supplied.) *Farley v. State*, supra at 625.

(c) Livery also contends that the trial court erred when, prior to the victim's testimony about the van incident, the court instructed the jury that they could consider the testimony as evidence of Livery's state of mind, motive, or intent at the time of the subsequent couch incident. Livery challenges the instruction because it listed "state of mind" as a permissible purpose of the evidence, even though the State had not identified such purpose during the USCR 31.3 (B) hearing.

However, Livery's contention fails in light of this Court's holding in *Jordan v. State*, 230 Ga. App. 560, 561 (497 SE2d 48) (1998). In *Jordan v. State*, supra at 561, we noted that the essential purpose of the *Williams* analysis during the USCR 31.3 (B) hearing is "to ensure that there exists a legitimate, probative purpose in introducing an independent criminal act and that there exists sufficient similarity to make the probativeness outweigh any prejudice as a consequence to injecting character into the case. Where the purposes set forth in the court's charge are legitimate, the fact that they vary somewhat from the purposes mentioned in the USCR 31.3 (B) hearing does not necessarily render the charge erroneous." (Citations and punctuation omitted.) See also *Gardner v. State*, 263 Ga. 197, 198 (3) (429 SE2d 657) (1993); *McTaggart v. State*, 225 Ga. App. 359, 364 (2) (483 SE2d 898) (1997); *McClain v. State*, 220 Ga. App. 474, 477 (5) (469 SE2d 756) (1996).

In this case, utilizing the evidence to prove Livery's "state of mind" was a permissible purpose relevant to the State's prima facie case. "As the evidence was properly admissible for each of the purposes stated by the court, the court did not err in its jury charge."

*Jordan v. State,* supra at 562.

2. In his second enumeration of error, Livery challenges the trial court's denial of his general demurrer to the indictment. Livery contends that the indictment failed to allege the specific intent of child molestation under OCGA § 16-6-4 (a), i.e., to arouse or satisfy the sexual desires of either the child or the defendant. As Livery was not charged with child molestation but with criminal attempt — child molestation under OCGA § 16-4-1, there is no merit to this contention.

"Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct" to withstand a general demurrer. OCGA § 17-7-54 (a); *Dye v. State,* 177 Ga. App. 813 (341 SE2d 469) (1986) (possession of cocaine), overruled on other grounds, *Eason v. State,* 260 Ga. 445 (396 SE2d 492) (1990); *Miller v. State,* 155 Ga. App. 54 (1) (270 SE2d 466) (1980) (attempted armed robbery); *Smith v. State,* 130 Ga. App. 390, 391-392 (203 SE2d 375) (1973) (burglary). Further, "[a]s long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against prosecution for the same offense, the indictment is sufficient. *Hopper v. Hampton,* 244 Ga. 361, 362 (260 SE2d 73) (1979)." (Punctuation omitted.) *Carter v. State,* 155 Ga. App. 49, 50 (270 SE2d 233) (1980); see also *Berger v. United States,* 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1934); *Byers v. State,* 236 Ga. 599, 600 (225 SE2d 26) (1976); *Jordan v. State,* 220 Ga. App. 627, 629 (2) (470 SE2d 242) (1996).

Under OCGA § 16-4-1, "[a] person commits the offense of criminal attempt when, *with intent to commit a specific crime,* he performs any act which constitutes a substantial step toward the commission of that crime." (Emphasis supplied.) In this case, the indictment charged Livery with "criminal attempt — child molestation for that [Livery] *with intent to commit the crime of child molestation,* did perform an act constituting a substantial step toward the commission of that crime, to-wit: by attempting to pull down the underwear of [the victim] while she was sleeping[.]" (Emphasis supplied.) Accordingly, as the indictment mirrored the language of the criminal attempt statute, it was technically sufficient.

Further, the issue of the victim's age is an element of child molestation, not criminal attempt, and can be addressed during trial. If the facts as alleged in the indictment, when taken as true, lead to a legal conclusion of guilt, the indictment is good. *Chelsey v. State,* 121 Ga. 340, 342 (49 SE 258) (1904). In this case, the indictment alleged that Livery pulled down the underwear of the sleeping victim with

the intent to commit child molestation. The indictment clearly stated facts which, if true, constituted a crime in Georgia. There was no error in the trial court's denial of Livery's general demurrer.

3. There is no merit to Livery's third enumeration regarding an alleged error in the jury instructions, as it is based upon appellate counsel's apparent confusion regarding the differences between the elements of *criminal attempt* under OCGA § 16-4-1, for which Livery was convicted, and the elements of the *attempted crime*, in this case, child molestation. See Division 2, supra.

Even without this confusion, the challenge to the jury instructions fails under *Wiley v. State*, 150 Ga. App. 607, 609 (258 SE2d 286) (1979) (regarding jury instructions based on statutes which are framed in the disjunctive, i.e., utilizing the conjunction "or"). Further, "[i]t is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.] . . . We have reviewed the court's charge as a whole and find that it was a full and fair charge covering all issues to be resolved by the jury[.]" *Williams v. State*, 249 Ga. 822, 825-826 (3) (295 SE2d 293) (1982). There was no error.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 9, 1998.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Verda M. Andrews-Stroud, Assistant District Attorney*, for appellee.