A00A0077. ATTAWAY v. THE STATE.
(534 SE2d 580)

SMITH, Presiding Judge.

Following his conviction by a Richmond County jury of burglary and rape, the trial court denied Keith Dewayn Attaway's motion for a new trial, and he appeals. Attaway was 15 years old when he was questioned by police in connection with the crimes. His sole enumeration of error is that the trial court erred by admitting his written confession into evidence. After reviewing the totality of the circumstances under which the statement was made, we agree with the trial court that Attaway's confession was voluntary and knowing, and we affirm.

Construed in favor of the verdict, the evidence shows that

---

Attaway entered the victim's dormitory room at the Medical College of Georgia, struggled with her, and raped her. Responding to the victim's screams, an MCG police officer opened her dormitory door with a master key, pointed his gun at Attaway, and told him "to get up." Attaway fled into the adjoining residential neighborhood with the police in close pursuit, and they found him hiding in a closet in one of the homes. After he was discovered, Attaway again attempted to flee but was subdued. Attaway was taken to MCG police headquarters and questioned.

The State presented evidence that before interviewing Attaway, the police told him that he had a right to an attorney and a right to remain silent and that any statement he made could and would be used against him in court. Attaway also signed a document describing his *Miranda* rights. At the *Jackson-Denno* hearing and before the jury, the State presented evidence that Attaway never expressed a wish to remain silent or obtain counsel and that he was not threatened or promised any hope of benefit or leniency. Attaway manually wrote and signed a statement which contained misspellings and was difficult to read but indicated, among other things, that Attaway had sexually penetrated the victim, that she had tried to pull her pants up after he pulled them off, and that she had told him to stop. About a half-hour elapsed while the police interviewed Attaway and he wrote his statement.

While it is true that Attaway gave his confession outside the presence of a family member, we have rejected a per se exclusionary rule for statements given in such situations. Nor does failure to adhere to the juvenile code in detaining a child render inadmissible any ensuing incriminating statements. See OCGA § 15-11-19; *Lattimore v. State*, 265 Ga. 102, 104 (2) (b) (454 SE2d 474) (1995). Attaway's reliance on *Manning v. State*, 162 Ga. App. 494, 495 (2) (292 SE2d 95) (1982) to require the exclusion of his statement is misplaced. *Manning* is physical precedent only and is inconsistent with the decisions of our supreme court. See *Lattimore*, supra; *Hanifa v. State*, 269 Ga. 797, 805 (3) (505 SE2d 731) (1998). Instead, the question of whether a juvenile's statement is admissible depends upon whether, under the totality of the circumstances, the juvenile made a voluntary and knowing waiver of his constitutional rights. *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976).

The factors a court considers include:

> The age of the accused; the education of the accused; the knowledge of the accused as to the substance of the charge and nature of his rights to consult with an attorney; whether the accused was held incommunicado or allowed to consult with relatives or an attorney; whether the accused was

interrogated before or after formal charges had been filed; methods used in interrogation; length of interrogation; whether accused refused to voluntarily give statements on prior occasions; and whether accused repudiated an extrajudicial statement at a later date. [Cit.]

(Punctuation omitted.) *McKoon v. State*, 266 Ga. 149, 150 (2) (465 SE2d 272) (1996).

Applying these factors to this case, we bear in mind that much of the evidence that supports the trial court's ruling is dependent on the credibility of the witnesses before it. And "[c]redibility determinations by the trial court at a *Jackson v. Denno* hearing will not be disturbed unless clearly erroneous. [Cit.]" *McKoon*, supra, 266 Ga. at 151 (2). We recognize that Attaway made his statement outside the presence of a parent or guardian and that later at trial he testified that he made his statement under pressure. He also testified that he added portions to the statement at the suggestion of his questioners that indicated that intercourse with the victim was not consensual.

The record also shows that Attaway was 15 years old when he was questioned and was in the ninth grade. At this age, he appeared to be of sufficient maturity and intelligence to understand both the seriousness of the charges and his *Miranda* rights. See *Marshall v. State*, 248 Ga. 227, 229 (3) (282 SE2d 301) (1981); *Williams v. State*, 238 Ga. 298, 301-302 (1) (232 SE2d 535) (1977). He was arrested minutes after the incident occurred and was interrogated soon afterward. It can be reasonably inferred that he knew at the time of questioning why he was detained by the police. And although Attaway was under arrest and was not free to go after he was taken into custody, evidence was presented that he was informed of his right against self-incrimination and to an attorney, and he signed a written form explaining those rights. Furthermore, Attaway was not questioned for an excessive time before he gave his statement. The State presented evidence that he was not threatened, and he did not resist questioning. While no family member was present during the police interview, the record does not show that Attaway asked or demanded that a parent or guardian be present. Also, Attaway did not repudiate his entire statement at trial. Balancing these circumstances surrounding the police interview with Attaway, we find that the trial court's conclusion that Attaway made a knowing and voluntary statement was not clearly erroneous.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 12, 2000.

*Paul W. David,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.