## A00A1744. SANDERS v. THE STATE.
### (538 SE2d 772)

MIKELL, Judge.

A Macon County jury convicted Bryan Sanders of armed robbery and aggravated assault. On appeal from the denial of his motion for new trial, Sanders claims the trial court improperly (1) denied his request for a continuance, (2) allowed inadmissible hearsay testimony, and (3) improperly allowed the investigating officer to place his character in issue. Sanders also claims he was denied effective assistance of counsel. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that John Keith Brannen was driving home from work on the afternoon of March 5, 1996, when the back of his car was struck by a dark object. As he stopped his car to investigate, Brannen saw Sanders, Jermaine Smith and Levoski McDonald. Smith, who had thrown the object, ran away. Brannen got out to inspect his car, but saw no damage. Smith rejoined Sanders and McDonald while Brannen was looking over his car. Sanders then pulled out a .22 pistol, held it to Brannen's head, and said, "give up your money." Smith took Brannen's wallet and removed the $6 that were inside. Sanders continued to hold the gun on Brannen while Smith searched Brannen's car. Smith then struck Brannen in the face with his fist, and Sanders, Smith and McDonald fled.

1. On the morning of the trial, Sanders asked the trial court for a continuance so that he could hire new counsel to replace his court-appointed trial counsel. The case had been pending for over a year. Sanders did not identify a particular attorney that he wished to retain, but told the trial court that he would hire a lawyer "as soon as I get my first paycheck." He gave no specific reason why he was dissatisfied with his court-appointed trial attorney, who was prepared for trial. The state had gathered its witnesses, including the victim, who had driven to Macon County from Norcross. Sanders's court-appointed attorney supported his client's request for a continuance

because he was experiencing very poor relations with his client's family.[1]

The decision to deny a motion for continuance is in the discretion of the trial court, and there must be a clear showing of abuse of that discretion in order to warrant a reversal.[2] We agree with Sanders that he had the right to seek his own counsel at his own expense,[3] but here he had had many months before the trial to exercise that right. The trial court was justified in preventing Sanders from using a last-minute discharge of counsel as a dilatory tactic.[4] And although Sanders's attorney supported his continuance request, the trial court was not required to release defense counsel because of friction with his client's family. The trial court did not abuse its discretion in denying Sanders's request for a continuance.

2. At the state's request, McDonald read aloud to the jury his statement describing the roadside encounter. McDonald testified that the written statement was an accurate reflection of what happened and was the truth as he remembered it. Sanders claims that the trial court committed reversible error by allowing McDonald to read his prior written statement into evidence because the statement constituted impermissible hearsay. However, because Sanders failed to object to the introduction of the statement, he has waived the right to contest this issue on appeal.[5]

3. Sanders next claims that the state impermissibly put his character into issue. At trial, Major Finch of the Montezuma Police Department recounted how the victim identified Sanders and McDonald from a local high school yearbook. The prosecutor then asked whether and how Finch had known Sanders and McDonald. Finch replied that he knew them, "from coming — they had been down to the police on several occasions in the past." Testimony that a defendant is known to the police does not impermissibly place the defendant's character into issue.[6] In any case, as counsel failed to object at trial, the issue is waived on appeal.[7]

4. Sanders claims that he was denied effective assistance of

---

[1] Gill, Sanders's trial attorney, told the court that "[Sanders's] family has no faith and no confidence in me. I mean, his uncle's been calling me a punk this morning because he thinks I'm in cahoots with the DA's office in trying to talk him into pleading guilty . . . and it's just been a nightmare."

[2] *Pulliam v. State*, 236 Ga. 460, 462 (224 SE2d 8) (1976).

[3] *United States v. Koblitz*, 803 F2d 1523, 1528 (11th Cir. 1986).

[4] *Brannon v. State*, 220 Ga. App. 572, 574 (2) (469 SE2d 716) (1996); *Wills v. State*, 216 Ga. App. 157, 158 (1) (453 SE2d 762) (1995).

[5] See *Cox v. State*, 205 Ga. App. 375, 376 (4) (422 SE2d 68) (1992).

[6] See *Grant v. State*, 161 Ga. App. 403-404 (2) (288 SE2d 118) (1982); see also *Williams v. State*, 178 Ga. App. 80, 82 (2) (342 SE2d 18) (1986) (reference to a defendant's "mug shot" does not impermissibly place character in issue).

[7] *Beecher v. State*, 240 Ga. App. 457, 459 (3) (523 SE2d 54) (1999).

counsel because his trial attorney (a) failed to object to the introduction of McDonald's statement, (b) failed to object to the testimony of Major Finch that he had been "down to the police on several occasions," and (c) failed to request a *Jackson-Denno*[8] hearing to determine the admissibility of his written statement. To establish a claim of ineffective assistance of counsel, Sanders must show both that his trial counsel's performance was deficient and that, but for the deficient performance, a reasonable probability exists that the results of the proceedings would have been different.[9] Counsel's decisions on matters of strategy, even if unwise, do not amount to ineffective assistance.[10] We note at the outset that Sanders has failed to provide a transcript of the hearing on his motion for new trial, so we are unable to address any matters which may appear there but not in the trial transcript.[11]

(a) In his statement, McDonald wrote that Sanders "took out the gun." McDonald's statement is consistent with Smith's testimony that Sanders only held the gun at his side and arguably contradicts the testimony of the victim, who said that Sanders pointed the gun at his head. Assuming, without deciding, that McDonald's written statement was technically inadmissible hearsay,[12] Sanders's trial counsel had legitimate reason for wanting the statement to be read into evidence because portions of the statement were beneficial to Sanders, and the inculpatory portions of the statement were not uniquely damaging. Trial counsel's failure to object to the introduction of McDonald's statement was a matter of trial strategy and was not ineffective assistance.

(b) Sanders cannot complain of his trial counsel's failure to object to Major Finch's statement that he had been "down to the police" because, as discussed in Division 3 above, the statement did not impermissibly put his character in issue.

(c) Sanders cannot show he was prejudiced by trial counsel's failure to request a *Jackson-Denno* hearing. Although he was 15 years old when this incident occurred, and age is a factor in gauging the voluntariness of a statement,[13] Sanders's guardian was present during Sanders's police interview. Evidence also shows that Sanders was informed of his *Miranda* rights before making the statement, and

---

[8] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[9] *Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

[10] *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468) (1999).

[11] See *Roberts v. State*, 244 Ga. App. 330, 332 (2) (c) (534 SE2d 526) (2000).

[12] McDonald was called to the stand and asked to read his written statement as opposed to testifying from memory about the incident. Whether the statement was inadmissible under the hearsay rules was not extensively briefed by the parties, and the resolution of that issue is not determinative here. We make no ruling on that issue.

[13] See *Attaway v. State*, 244 Ga. App. 5 (534 SE2d 580) (2000).

that the statement was made without threat of force or promise of reward.[14] In order to show ineffective assistance, Sanders must establish that his statement was not voluntary,[15] and he cannot show that from the record here. Trial counsel was not ineffective when he failed to request a separate *Jackson-Denno* hearing.[16]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED AUGUST 28, 2000.

*Donald L. Lamberth*, for appellant.

*John R. Parks, District Attorney, Denise D. Fachini, Assistant District Attorney*, for appellee.

---

[14] See *McKoon v. State*, 266 Ga. 149, 150 (2) (465 SE2d 272) (1996).

[15] *Powell v. State*, 210 Ga. App. 409, 414 (6) (c) (437 SE2d 598) (1993).

[16] See *Hubbard v. State*, 224 Ga. App. 614 (481 SE2d 601) (1997).