A08A0692. IN THE INTEREST OF L. A., a child.
(663 SE2d 420)

RUFFIN, Presiding Judge.

L. A., a sixteen-year-old boy, was found guilty of violating probation and two counts of theft by receiving stolen property; he was adjudicated delinquent and committed to the Georgia Department of Juvenile Justice. He appeals, arguing that: the juvenile court erred in denying his motion to suppress his confession; there was no evidence to corroborate his confession; the juvenile court should have suppressed an eyewitness identification because it was not credible; and the evidence was insufficient. For reasons that follow, we affirm in part and reverse in part.

"On appeal from a delinquency adjudication, we view the evidence in a light most favorable to support the juvenile court's findings and judgment."[1] Because it is the juvenile court's role to resolve conflicts in the evidence, we do not weigh the evidence, but merely evaluate its sufficiency.[2] Viewed in this manner, the evidence shows that on April 26, 2007, a Georgia State Trooper attempted to make a traffic stop of a speeding vehicle. The vehicle, a black Volvo, fled at a high rate of speed. The officer temporarily lost sight of the vehicle after it turned into an apartment complex; when he located the vehicle, it had crashed into a pole, and three people were running from the scene. One person was running toward an apartment building while holding his head. The officer then learned that the vehicle had been reported as stolen. A computer, an Xbox game system, and other items found in the trunk of the vehicle were later determined to have been stolen from the residence of Samara Davis on April 26.

---

[15] See id.
[1] *In the Interest of R. F.*, 279 Ga. App. 708 (632 SE2d 452) (2006).
[2] See id.

The black Volvo involved in the chase had been stolen that morning from neighbors of L. A. One of the neighbors, Ahmad Dura, testified that he saw L. A. drive away in the vehicle. Later that day, L. A. walked past Dura's house with "a swollen face." Dura then called police to report that L. A. was in the neighborhood with an injury to his eye. The police responded, and Dura directed them to L. A.'s residence. Detective Phillips of the Fulton County Police went to L. A.'s residence, where she spoke with L. A. and his father. She read *Miranda*[3] warnings to L. A., and his father gave Officer Phillips permission to speak to the child. L. A. told Officer Phillips that he and another person had entered the Volvo at his neighbors' home and driven away. They drove to a friend's house, and L. A. entered another vehicle. Later that day, L. A. was riding in the Volvo a second time when the chase with the state trooper occurred. The vehicle eventually crashed into a pole in an apartment complex. L. A. admitted he knew that the Volvo was stolen.

1. L. A. first contends that his statement to Officer Phillips should have been suppressed by the juvenile court because he was given verbal, rather than written, *Miranda* warnings, and because his father did not clearly understand what was taking place. Counsel has cited no authority, and we find none, for the proposition that *Miranda* warnings must be given in writing. And while L. A. argues that his father did not fully understand why police were questioning his son, there was ample evidence from which the juvenile court could determine that, under the totality of the circumstances, L. A. "made a knowing and intelligent waiver of his constitutional rights when he gave the incriminating statement."[4] All questioning took place in L. A.'s home, with his father, as well as other family members, present. While L. A.'s father stated that he "did [not] hear word for word what was going on," he also stated that he wanted his son to speak to Officer Phillips and that he was present in the room at all times. The trial court was thus required to judge the father's and Officer Phillips's credibility as part of its determination on this issue, and we will not disturb a trial court's credibility determination unless it is clearly erroneous.[5] Accordingly, this claim of error fails.[6]

2. L. A. next asserts that the trial court erred in finding him guilty because there was no evidence to corroborate his confession. OCGA § 24-3-53 provides that "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." But "[c]or-

---

[3] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[4] *Williams v. State*, 273 Ga. App. 42, 45 (4) (614 SE2d 146) (2005).
[5] See *Attaway v. State*, 244 Ga. App. 5, 7 (534 SE2d 580) (2000).
[6] See *Williams*, supra at 45-46.

roboration of a confession in any particular satisfies the requirements of the statute."[7] Thus, evidence that a vehicle was, in fact, stolen from the location reported by L. A., involved in a high-speed chase with a state trooper, and abandoned after crashing into a pole in an apartment complex was sufficient to corroborate L. A.'s confession.[8]

3. L. A. argues that the trial court erred in failing to grant his motion to suppress Dura's identification of L. A. as the person who stole the Volvo because Dura was not a credible witness. L. A. contends that Dura contradicted himself about having seen L. A. take the vehicle.[9] It appears, however, that the trial court did grant the motion to suppress. The juvenile court stated on the record that it found Dura's testimony not credible because he did not initially tell the police that L. A. had stolen the car. And in finding L. A. guilty, the juvenile court stated that it was relying on L. A.'s confession and apparently placed no credence in Dura's identification. As a result, L. A. has failed to show error.[10]

4. L. A. also challenges the sufficiency of the evidence.

(a) He argues that there was insufficient evidence to find him guilty of theft by receiving the stolen vehicle because he merely rode in the stolen vehicle as a passenger. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen."[11] And although "[m]ere proximity to stolen property is insufficient to establish possession or control," a passenger in a stolen vehicle may be found guilty of theft by receiving if he has the right to exercise control over the vehicle.[12] Here, the juvenile court found L. A. guilty of the theft of the vehicle because he knew the vehicle was stolen, yet "[got] back in and use[d] it for his benefit to go somewhere and do something." We agree that this evidence, combined with the evidence that the vehicle was stolen from L. A.'s

---

[7] (Punctuation omitted.) *Chapman v. State*, 275 Ga. 314, 315 (2) (565 SE2d 442) (2002).

[8] See id.; *Ward v. State*, 242 Ga. App. 246, 247 (1) (529 SE2d 378) (2000).

[9] When the juvenile court questioned Dura about this contradiction, Dura explained that he had gotten confused and stated unequivocally that "[he] saw [L. A.] and [L. A.] stole it." The juvenile court recognized that English was not Dura's primary language.

[10] See *Oswell v. Nixon*, 275 Ga. App. 205, 207 (1) (620 SE2d 419) (2005) ("It is axiomatic that a party alleging error bears the burden of showing it affirmatively from the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.") (footnote omitted).

[11] OCGA § 16-8-7 (a).

[12] (Punctuation omitted.) *In the Interest of J. Q. W.*, 288 Ga. App. 444, 446 (a) (654 SE2d 424) (2007).

neighbor, was sufficient to establish that L. A. knew the vehicle was stolen and had the right to exercise control over it.[13]

(b) L. A. next argues that there was insufficient evidence to find him guilty of theft by receiving the stolen property in the vehicle's trunk. We agree. L. A. never stated that he knew there were any items in the trunk, let alone that they were stolen. And there was no evidence other than his presence in the vehicle linking L. A. to the theft of the items found in the trunk. Accordingly, the evidence was insufficient to demonstrate that L. A. ever had possession or control of these items such that he could be found guilty of theft by receiving them.[14]

*Judgment affirmed in part and reversed in part. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 19, 2008.

*Mark R. Jeffrey*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Kathleen A. Giroux, Assistant District Attorneys*, for appellee.

---

[13] See *Jones v. State*, 285 Ga. App. 866, 867-868 (1) (648 SE2d 183) (2007); *Hurston v. State*, 202 Ga. App. 311, 313 (1) (414 SE2d 303) (1991).

[14] See *London v. State*, 235 Ga. App. 30, 33 (2) (508 SE2d 247) (1998).